1  David B. Draper (Bar No. 107790)
   Email: ddraper@terralaw.com
2  Mark W. Good (Bar No. 218809)
   Email: mgood@terralaw.com
3  James A. McDaniel (Bar No. 300041)
   jmcdaniel@terralaw.com
4  TERRA LAW LLP
   50 W. San Fernando St., #1415
5  San Jose, California 95113
   Telephone: 408-299-1200
6  Facsimile: 408-998-4895

7  Attorneys for Plaintiff
   ELLIOT KREMERMAN
8

9               UNITED STATES DISTRICT COURT
10              NORTHERN DISTRICT OF CALIFORNIA
11                    SAN JOSE DIVISION

12 | ELLIOT KREMERMAN,                         | CASE NO.
13 |            Plaintiff,                     |
14 |      vs.                                  | **ORIGINAL COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. D775,310 AND D776,238, FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, STATE UNFAIR COMPETITION, AND UNJUST ENRICHMENT**
15 | OPEN SOURCE STEEL, LLC.; JOSHUA DELLAY aka JOSH DELLAY; JAMES DELLAY; and Does 1-20, inclusive, |
16 |                                            |
17 |            Defendants.                    |
18 |                                            | **JURY TRIAL DEMANDED**

COMPLAINT FOR INFRINGEMENT OF PATENT

Plaintiff ELLIOT KREMERMAN files his Complaint against Defendants OPEN SOURCE STEEL, LLC.; JOSHUA DELLAY aka JOSH DELLAY; JAMES DELLAY; and Does 1-20, inclusive, alleging as follows:

## THE PARTIES

1. Plaintiff ELLIOT KREMERMAN ("plaintiff" or "Kremerman") is an individual and resident in the State of California with his principal place of business in the State of California.

2. Upon information and belief, OPEN SOURCE STEEL, LLC. ("OSS") is a limited liability company organized and existing under the laws of the State of Washington, with its principal place of business at 23414 68th Ave S, Kent, Washington, 98032. OSS may be served with process through its registered agent, JOSH DELLAY, 517 Whitworth Ave. S., Renton, Washington, 98057.

3. Upon information and belief, JOSHUA DELLAY aka JOSH DELLAY is an individual and resident of the State of Washington. Plaintiff is informed and believes, and thereon alleges, that Mr. Dellay is, and at all times relevant herein was a managing member of OSS.

4. Upon information and belief, JAMES DELLAY is an individual and resident of the State of Washington. Plaintiff is informed and believes, and thereon alleges, that Mr. Dellay is, and at all times relevant herein was a managing member of OSS.

5. The true names and capacities of defendants sued herein as Does 1 through 20 are unknown to Plaintiff (who are ignorant of these names and capacities) but will be inserted herein by amendment when they have been ascertained. (OSS, JOSHUA DELLAY, JAMES DELLAY and Doe defendants referred to together as "defendants.")

6. Plaintiff is informed and believes, and thereon alleges, that each defendant named herein, including each of the Doe defendants, is and was the agent, servant, employee, representative, and associate of each of the other defendants, and is and at all times herein mentioned was acting within the course and scope of his, her, or its authority as agent, servant,

employee, representative, and associate, and with the knowledge, or authorization, consent, permission or ratification of each of the other defendants.

7. Plaintiff is informed and believes, and thereon alleges, that there existed a unity of interest and ownership between defendants JOSHUA DELLAY and JAMES DELLAY and defendant OSS, such that any individuality and separateness between defendants JOSHUA DELLAY and JAMES DELLAY and defendant OSS has ceased and defendant OSS is the alter ego of defendants JOSHUA DELLAY and JAMES DELLAY in that they controlled and dominated the limited liability company by, among other things, comingling personal funds with LLC funds, using LLC funds and assets for personal use, underfunding the entity to meet its obligations and to deter creditors, using the entity as a mere shell for the operation of JOSHUA DELLAY and JAMES DELLAY's other businesses, using the entity to procure labor, goods, and services for JOSHUA DELLAY and JAMES DELLAY individually, and by selling infringing products with the intent to use the limited liability company as a shield against personal liability.

8. Adherence to the fiction of the separate existence of the defendant OSS as an entity distinct from defendants JOSHUA DELLAY and JAMES DELLAY would permit an abuse of the limited liability company privilege and would sanction fraud and promote injustice in that, among other things, JOSHUA DELLAY and JAMES DELLAY will have shielded themselves for obligations incurred for their individual benefit and which they personally and intentionally infringed plaintiff's patents.

**JURISDICTION AND VENUE**

9. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

10. Upon information and belief, defendants are subject to personal jurisdiction by this Court. Defendants have committed such purposeful acts and/or transactions in the State of California that it reasonably knew and/or expected that it could be hailed into a California court as a future consequence of such activity. Defendants make, use, and/or sell infringing products within the Northern District of California and has a continuing presence and the requisite

COMPLAINT FOR INFRINGEMENT OF PATENT

minimum contacts with the Northern District of California, such that this venue is a fair and reasonable one. Upon information and belief, defendants have transacted and, at the time of the filing of this Complaint, are continuing to transact business within the Northern District of California. For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

## PATENTS-IN-SUIT

11. Plaintiff has protected his innovative designs through design patents issued by the United States Patent and Trademark Office. Plaintiff's design patents cover the many ornamental features of Plaintiff's glassware, such as the overall bent head design, bent and straight extended distillation path directly above the load flask port, discharge condenser with distinctive fluid ports, and sized adapter regions between the extended distillation path and other elements of the devices.

12. On December 27, 2016, United States Patent No. D775,310 S ("the '310 Patent") was duly and legally issued for a "BENT DISTILLATION HEAD." A true and correct copy of the '310 Patent is attached hereto as **Exhibit A** and made a part hereof.

13. On January 10, 2017, United States Patent No. D776,238 ("the '238 Patent") was duly and legally issued for "STRAIGHT PATH DISTILLATION HEAD." A true and correct copy of the '238 Patent is attached hereto as **Exhibit B** and made a part hereof.

14. The '310 Patent and the '238 Patent are sometimes referred to herein collectively as "the Patents-in-Suit."

15. As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to ornamental designs for a bent distillation head as shown in Exhibit A, and a straight path distillation head as shown in Exhibit B.

### Infringement of Kremerman's Trade Dress

16. Plaintiff created and first started selling the bent distillation head covered by the '310 Patent on July 6, 2015. Plaintiff created and first started selling the straight path distillation

head covered by the '238 Patent in December of 2015. Plaintiff sold his distillation heads on the Internet as well as through other direct marketing channels.

17. Each of defendants' distillation heads embodies a combination of several elements of the Kremerman product configuration trade dress identified above, namely a product configuration with:

- the overall bent head design (bent distillation head only)
- bent and straight extended distillation path directly above the load flask port
- discharge condenser with distinctive fluid ports, and
- sized adapter regions between the extended distillation path

18. OSS also used pictures of plaintiff's products as advertisement for its own infringing products, which on information and belief were copied from plaintiff's website. As shown in **Exhibits C** and **D**, the designs of the two infringing products sold by defendants were slavishly copied.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

19. Kremerman repeats and realleges every allegation set forth above.

20. Kremerman is the owner of the Patents-in-Suit with the exclusive right to enforce the Patents-in-Suit against infringers, and collect damages for all relevant times, including the right to prosecute this action.

21. Defendants have had knowledge of, or were willfully blind to, the existence of the Patents-in-Suit since the filing of this Complaint, if not earlier.

22. Defendants have had actual knowledge of the Patents-in-Suit since April 22, 2016 when counsel for plaintiff first sent a letter to defendants James Dellay and OSS putting them on notice of their pending infringement based on plaintiff's then pending patent applications. On information and belief, defendants have also acknowledged that they have copied or "reverse engineered" plaintiff's designs, previous to the issuance of the Patents-in-Suit.

4
COMPLAINT FOR INFRINGEMENT OF PATENT

23. Upon information and belief, defendants are liable under 35 U.S.C. §271(a) for direct infringement of the Patents-in-Suit because they manufacture, make, has made, use, practice, import, provide, supply, distribute, sell, and/or offer for sale products and/or systems that practice one or more claims of the Patents-in-Suit.

24. Upon information and belief, defendants are also liable under 35 U.S.C. §271(b) for inducing infringement of, and under 35 U.S.C. §271(c) for contributory infringement of the Patents-in-Suit because they manufacture, make, has made, use, practice, import, provide, supply, distribute, sell, and/or offer for sale products and/or systems that practice one or more claims of the Patents-in-Suit.

25. As the side-by-side comparisons shown in the attached Exhibits C and D reveal, defendants have misappropriated plaintiff's patented distillation head designs in the accused products, consisting of the OSS "Jacketed Short Path Distillation Heads" shown in Exhibits C and D below.

26. Kremerman has been damaged as a result of defendants' infringing conduct. defendants, thus, are liable to Kremerman in an amount that adequately compensates Kremerman for defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## SECOND CLAIM FOR RELIEF

(Trade Dress Infringement)

(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

27. Kremerman repeats and realleges every allegation set forth above.

28. Kremerman is the owner all right and title to the distinctive distillation heads' trade dress. The Kremerman trade dress as embodied in the BENT DISTILLATION HEAD and STRAIGHT PATH DISTILLATION HEAD have acquired secondary meaning, and is not functional.

29. In addition, based on extensive and consistent advertising, promotion and sales throughout the United States, the Kremerman product trade dress has acquired distinctiveness

5

and enjoys secondary meaning among consumers, identifying Kremerman as the source of these products.

30. Kremerman's promotion of the distinctive Kremerman product trade dress has resulted in Kremerman's acquisition of valuable, legally protected rights in the Kremerman product trade dress as well as considerable customer goodwill.

31. Defendants' line of products have misappropriated the Kremerman trade dress by mimicking a combination of several elements of that trade dress.

32. Defendants' manufacture and distribution of the infringing products incorporating plaintiff's designs that mimic a combination of several elements of the Kremerman product trade dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of OSS with Kremerman, or as to the origin, sponsorship, or approval by Kremerman of OSS's goods, services or commercial activities.

33. Defendants' manufacture and distribution of the its infringing distillation heads incorporating plaintiff's designs which mimic a combination of several elements of the Kremerman product trade dress enables defendants to benefit unfairly from Kremerman's reputation and success, thereby giving defendants' infringing products sales and commercial value they would not otherwise have.

34. Defendants' actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

35. Defendants knew of Kremerman's product trade dress when they it designed their infringing products, and have refused to change their product design in response to Kremerman's objections. Accordingly, defendants' infringement has been and continues to be intentional, willful and without regard to Kremerman's product trade dress.

36. Plaintiff has been and will continue to be irreparably harmed and damaged by defendants' conduct, and plaintiff lacks an adequate remedy at law to compensate for this harm and damage.

37. Plaintiff is informed and believes, and on that basis alleges, that defendants have gained profits by virtue of their infringement of the Kremerman product trade dress.

38. Plaintiff has also sustained damages as a direct and proximate result of defendants' infringement of the Kremerman product trade dress in an amount to be proven at trial.

39. Because defendants actions have been willful, plaintiff is entitled to treble its actual damages or defendants' profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

### THIRD CLAIM FOR RELIEF

**(Unfair Business Practices - California Business and Professions Code§ 17200, et seq.)**

40. Kremerman repeats and realleges every allegation set forth above.

41. The acts of defendants described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, et seq.

42. Kremerman has valid and protectable prior rights in the Kremerman product trade dress. The Kremerman product trade dress is inherently distinctive, and, through Kremerman's long use, has come to be associated solely with Kremerman as the source of the products on which it is used.

43. Defendants' use of their infringing trade dress is likely to cause confusion as to the source of defendants' products and is likely to cause others to be confused or mistaken into believing that there is a relationship between defendants and Kremerman or that defendants' products are affiliated with or sponsored by Kremerman.

44. The above described acts and practices by defendants are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code §§ 17200, et seq.

45. The above-described acts constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and trademark and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of California Business & Professions Code §§ 17200, *et seq.*

46. Defendants acted willfully and intentionally in designing their infringing trade dress, with full knowledge of plaintiff's prior rights in the distinctive Kremerman product trade

dress, with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between defendants and Kremerman or between defendants' products and Kremerman's products.

47. The unlawful and fraudulent business practices of defendants described above present a continuing threat to, and is meant to deceive members of, the public in that defendants continue to promote their products by wrongfully trading on the goodwill of the Kremerman product trade dress.

48. As a direct and proximate result of these acts, defendants have received, and will continue to profit from, the strength of the Kremerman product trade dress.

49. As a direct and proximate result of defendants' wrongful conduct, Kremerman has been injured in fact and has lost money and profits, and such harm will continue unless defendants' acts are enjoined by the Court. Kremerman has no adequate remedy at law for defendants' continuing violation of Kremerman's rights.

50. Defendants should be required to restore to Kremerman any and all profits earned as a result of their unlawful and fraudulent actions, or provide Kremerman with any other restitutionary relief as the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment)

51. Kremerman repeats and realleges every allegation set forth above.

52. As a result of the conduct alleged herein, defendants have been unjustly enriched to Kremerman's detriment. Kremerman seeks a worldwide accounting and disgorgement of all ill-gotten gains and profits resulting from defendants' inequitable activities.

## PRAYER FOR RELIEF

Kremerman requests that the Court find in his favor and against defendants, and that the Court grant Kremerman the following relief:

    a.    Judgment that defendants have infringed one or more claims of each of the Patents-in-Suit;

8

COMPLAINT FOR INFRINGEMENT OF PATENT

b. Judgment that defendants account for and pay to Kremerman all damages to and costs incurred by Kremerman because of defendants' infringing activities and other conduct complained of herein;

c. That defendants, their officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents-in-Suit. In the alternative, if the Court finds that an injunction is not warranted, Kremerman requests an award of post judgment royalty to compensate for future infringement;

d. That Kremerman be granted pre-judgment and post-judgment interest on the damages caused to it by reason of defendants' infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award Kremerman its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

f. Actual damages suffered by plaintiff as a result of defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

g. Reasonable funds for future corrective advertising;

h. An accounting of defendants' profits pursuant to 15 U.S.C. § 1117;

i. A judgment trebling any damages award pursuant to 15 U.S.C. § 1117; Punitive damages pursuant to California Civil Code § 3294; Restitutionary relief against defendants and in favor of plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate relief;

j. Costs of suit and reasonable attorneys' fees;

k. Any other remedy to which plaintiff may be entitled, including all remedies provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof. Code §§ 17200, et seq., 17500, et seq., and under any other California law.

1     l.     That Kremerman be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: January 20, 2017          /s/ Mark W. Good

MARK W. GOOD
(Bar No. 218809)
TERRA LAW LLP
50 W. San Fernando St., #1415
San Jose, CA 95113
Telephone: 408-299-1200
Facsimile: 408-998-4895
Email: mgood@terralaw.com

Attorney for Plaintiff
ELLIOT KREMERMAN

---

10
COMPLAINT FOR INFRINGEMENT OF PATENT

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: January 20, 2017

/s/ Mark W. Good

MARK W. GOOD
(Bar No. 218809)
TERRA LAW LLP
50 W. San Fernando St., #1415
San Jose, CA 95113
Telephone: 408-299-1200
Facsimile: 408-998-4895
Email: mgood@terralaw.com

Attorney for Plaintiff
ELLIOT KREMERMAN

4831-1481-7600, v. 2