UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLIOT KREMERMAN,<br><br>      Plaintiff,<br><br>v.<br><br>OPEN SOURCE STEEL, LLC, et al.,<br><br>      Defendants. | CASE NO. C17-953-BAT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

This matter comes before the Court on the motion to dismiss of Defendants Open Source Steel LLC ("OSS"), Joshua Dellay, and James Dellay. Dkt. 34. Plaintiff Elliot Kremerman asserts six claims in his Complaint: (1) direct infringement of U.S. Design Patent Nos. D775,310 and D776, 238 ("the '310 and '238 patents," respectively) (collectively "the Patents") under 35 U.S.C. § 271(a); (2) induced infringement of the Patents under 35 U.S.C. § 271(b); (3) contributory infringement of the Patents under 35 U.S.C. § 271(c); (4) trade dress infringement under § 43(a) of the Lanham Act; (5) unfair business practices under California Business & Professional Code § 17200(a) ("Unfair Competition Law" hereafter, the "UCL"); and (6) unjust enrichment. Dkt. 1.

Defendants do not challenge Kremerman's claim of direct infringement of the Patents in the instant motion. Kremerman stipulates to dismissal of the contributory infringement claim

and withdraws § 32 of the Lanham Act as a basis for unlawful business acts and practices under the UCL. Dkt. 38. Thus, the claims remaining at issue are: (1) induced infringement; (2) trade dress infringement under § 43(a) of the Lanham Act; (3) unfair business practices under California state law based on trade dress infringement; and (4) unjust enrichment.

The parties did not seek oral argument on the motion. Dkt. 72. Having reviewed the motion, response (Dkt. 38), reply (Dkt. 40), and supplemental authorities filed by the parties after this case was transferred from the Northern District of California (Dkts. 68 and 71), the Court grants the motion to dismiss as to Kremerman's induced infringement and unjust enrichment claims. The Court denies the remainder of the motion to dismiss.

## BACKGROUND

Kremerman is the sole inventor on the Patents. The '310 Patent was issued on December 27, 2016 for a "BENT DISTILLATION HEAD." Dkt. 1 (Complaint), Exhibit A. The '238 Patent was issued on January 10, 2017 for a "STRAIGHT PATH DISTILLATION HEAD." *Id*., Exhibit B. Kremerman alleges the Patents cover the many ornamental features of his glassware, such as the overall bent head design, bent and straight extended distillation path directly above the load flask port, discharge condenser with distinctive fluid ports, and sized adapter regions between the extended distillation path and other elements of the devices. *Id.*, ¶ 11 and Exhibits A and B (engineering drawings).

Kremerman created and first started selling the bent distillation head covered by the '310 Patent on July 6, 2015. He created and first started selling the straight path distillation head covered by the '238 Patent in December of 2015. Kremerman sold his distillation heads on the Internet and through other direct marketing channels. Dkt. 1, ¶ 16. Kremerman alleges that as a result of his extensive and consistent advertising, promotion and sales throughout the United

States, the Kremerman product trade dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Kremerman as the source of the products. *Id*., ¶¶ 28-29.

Kremerman alleges Defendants slavishly copied the patented design and marketed it for sale, even using pictures of Kremerman's products, copied from Kremerman's website, to advertise its own infringing products. Dkt. 1, ¶ 18, Exhibits C and D.

OSS is a limited liability company organized under the laws of Washington, with offices in Kent, Washington. Defendants Joshua and James Dellay, both of Washington, are co-founders and owners of OSS. OSS makes and supplies various distillation glassware and laboratory equipment. Dkt. 34, p. 7.

Kremerman alleges that on April 22, 2016, his counsel sent a letter to Defendant James Dellay and OSS "putting them on notice of their pending infringement based on plaintiff's then pending patent applications." Kremerman also alleges that OSS had actual knowledge that their actions constituted patent infringement based on their close copying or "reverse engineering" of the patent designs and at the very least, had knowledge of the existence of the Patents ten days after the '238 Patent issued, when he filed his complaint on January 10, 2017. Dkt. 1, ¶¶21, 22.

**ANALYSIS**

**A.     Standard**

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). In making this assessment, the Court accepts all

1 facts alleged in the complaint as true, and makes all inferences in the light most favorable to the
2 non-moving party. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir.2009)
3 (internal citations omitted). The Court is not, however, bound to accept the plaintiff's legal
4 conclusions. *Iqbal*, 556 U.S. at 678. While detailed factual allegations are not necessary, the
5 plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the
6 elements of a cause of action." *Twombly*, 550 U.S. at 555.

**B.     Induced Trademark Infringement**

To make out a claim for induced infringement, plaintiff must sufficiently allege that defendant "actively induced infringement of a patent." 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."). "Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita–Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). Induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement. *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). The plaintiff must also plausibly plead that direct infringement has occurred. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333-36 (Fed. Cir. 2012).

Defendants assert Kremerman's allegations are insufficient to support a claim that they had knowledge of the patent prior to the filing of the complaint or that they "had specific intent" to induce infringing acts by their customers or others. Dkt. 34, p. 11. Kremerman alleges that Defendants had pre-suit knowledge of the Patents as of April 22, 2016, when his counsel sent a letter to James Dellay and OSS putting them on notice of their pending infringement based on the then pending patent applications. Dkt. 1, p. 5. Kremerman further alleges that "on

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS - 4

information and belief, defendants have also acknowledged that they have copied or 'reverse engineered' plaintiff's designs," prior to issuance of the Patents. *Id.*, p. 6. Based on these allegations, Kremerman contends that defendants are liable "under 35 U.S.C. § 271(b) for inducing infringement of, and under 35 U.S.C. § 271(c) for contributory infringement of the Patents because they manufacture, make, has made, use, practice, import, provide, supply, distribute, sell, and/or offer for sale products and/or systems that practice one or more claims of the Patents-in-Suit." *Id*.

Although the Complaint alleges that Defendants received notice of their "pending" infringement on "pending patents" through a letter (the contents of which are unknown), "[t]o willfully infringe a patent, the patent must exist...." *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236, 224 USPQ 418, 425 (Fed.Cir.1985); *See also*, *McRee v. Goldman*, No. 11–cv–00991, 2012 WL 3745190, at *3 (N.D.Cal. Aug. 28, 2012) ("mere knowledge of a pending patent application ... does not give rise to liability for inducement"). Nevertheless, to the extent the complaint alleges claims of induced infringement after the filing of the suit, courts have held that post-suit knowledge is sufficient to sustain a finding that defendant had the requisite knowledge to support claims for indirect infringement. *See CAP Co., Ltd. v. McAfee, Inc.*, Nos. 14-cv-05068 & 14-cv-05071, 2015 WL 3945875, at *4–5 (N.D. Cal. June 26, 2015); *see also Walker Digital, LLC v. Facebook, Inc.*, 852 F.Supp.2d 559, 566 n. 11 (D. Del. 2012); *Rembrandt Soc. Media, L.P. v. Facebook, Inc.*, 950 F.Supp.2d 876, 882 (E.D. Va. 2013).

Notwithstanding the issue of notice, Kremerman's allegations are insufficient to support a claim of induced infringement. To survive Defendants' motion to dismiss, Kremerman must plead facts plausibly showing that Defendants specifically intended their customers to infringe the Patent and knew that their customer's acts constituted infringement. Although Kremerman is

not required to prove his case at the pleading stage, he has failed to allege who was induced to infringe, how they infringed, and how defendants had knowledge that the induced acts occurred and that they constituted patent infringement. Kremerman has pleaded no facts from which it may be reasonably inferred that Defendants specifically intended to induce their customers or anyone else to infringe his Patents. Accordingly, the Court GRANTS dismissal of the induced infringement claim.

**C.     Trade Dress – Section 43 of the Lanham Act**

Trade dress refers generally to the total image, design, and appearance of a product and "may include features such as size, shape, color, color combinations, texture or graphics." *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993) (internal quotation marks and citations omitted). To recover under the Lanham Act for infringement of trade dress, a plaintiff must prove (i) the trade dress features at issue are nonfunctional; (ii) the trade dress is inherently distinctive or has acquired distinctiveness through secondary meaning; and (iii) consumers are likely to confuse the plaintiff's product with the defendant's accused device. *See Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 (9th Cir. 1998).

   **1.**     *Functionality*

Although there can be trade dress protection for product designs and product shapes, protection is unavailable for product features that are "functional." *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 165 (1995). A trade dress is functional "when it is essential to the use or purpose of the device or when it affects the cost or quality of the device." *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 33 (2001) (discussing the "traditional rule" set forth in *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 850 (1982)). "De facto" functionality means that the "design of a product has a function, *i.e.*, a bottle of any design holds fluid," whereas "de

jure" functionality means that the "product is in its particular shape because it works better in this shape." *Leatherman Tool Group, Inc. v. Cooper Industries, Inc.*, 199 F.3d 1009, 1012 (9th Cir. 1999).

The Ninth Circuit typically considers four factors in the functionality analysis: (1) whether advertising touts the utilitarian advantages of the design, (2) whether the particular design results from a comparatively simple or inexpensive method of manufacture, (3) whether the design yields a utilitarian advantage and (4) whether alternative designs are available. *Disc Golf*, 158 F.3d at 1006.

Defendants argue Kremerman fails to identify non-functional and distinctive features of his trade dress or explain how they are distinctive. Dkt. 34, p. 13. Kremerman responds that a design patent is *prima facie* evidence of the nonfunctionality of the design and is more than enough to overcome a Rule 12(b)(6) motion to dismiss. Dkt. 38, pp. 11-12. "While a design patent is some evidence of nonfunctionality, alone it is not sufficient without other evidence." MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 7:93 (4th ed. 2010). "At best, a design patent can only help rebut the functionality defense; it cannot do the whole job of proving inherent distinctiveness. The plaintiff still needs to show that, in its market at the time of the alleged infringement, the design is both ornamental and deserving of trade dress protection." *Krueger Int'l, Inc. v. Nightingale Inc.*, 915 F. Supp. 595, 605 (S.D.N.Y. 1996), *overruled on other grounds by Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373 (2d Cir. 1997) (then-District Judge Sotomayor).

While Kremerman need not prove that the claimed trade dress is non-functional at this stage of the proceedings, he must still allege the concrete elements of his alleged trade dress to survive a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 678; *Lepton Labs, LLC v.*

*Walker*, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014) ("A court must test the legal merits of a plaintiff's alleged trade dress at summary judgment or trial when the parties provide the court with all relevant, admissible evidence—not at the pleading stage when the court has little more than the plaintiff's allegations and the defendant's summary denial of them. *So long as plaintiff has alleged a complete recitation of the concrete elements of its alleged trade dress*, it should be allowed to proceed.") (emphasis added).

Kremerman's trade dress allegations appear in several separate paragraphs of his complaint. He alleges the unregistered trade dress is (a) the overall bent head design (for the bent distillation head only); (b) the bent and straight extended distillation path directly above the load flask port; (c) the discharge condenser with distinctive fluid ports; and (d) the sized adapter regions between the extended distillation paths. Dkt. 1, ¶ 17. He also alleges "the trade dress as embodied in the BENT DISTILLATION HEAD and STRAIGHT PATH DISTILLATION HEAD have acquired secondary meaning, and is not functional." *Id*. at ¶ 28.

Defendant contends the complaint contains essentially a list of functional components and is deficient because it fails to allege how the non-functional elements of the distillation glassware are separate from its functional elements. Dkt. 34 at 8. Defendants are correct if the Court limits its analysis to terms such as "head," "fluid ports," and "adapter" which appear to be functional components of generic distillation glassware. But the complaint alleges more. It alleges Kremerman's distillation heads are "unique" and "not functional." Dkt. 1, ¶ 28. It alleges an "overall bent head design" for bent distillation. The Court cannot say, at this stage of the proceedings, that a "bent" design is a functional feature as Defendants imply, and not a feature unique to Kremerman's distillation head. The complaint alleges the bent and straight extended distillation path are directly above the load flask port, and that there are sized adapter

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS - 8

regions between the extended distillation paths. These features seem to relate to the appearance of Kremerman's distillation head, which Kremerman claims is unique. In any event, the Court cannot say they are functional features as Defendants imply, *i.e.*, that distillation paths are always over the load flask port, or that the regions between the paths are always sized as in Kremerman's design. And lastly, the complaint alleges the discharge condenser has "distinctive" fluid ports, which appear to relate to a feature such as size, shape, or texture, rather than function.

While the complaint could be more detailed, the Court finds it sufficient to survive Defendants' motion to dismiss in that it sets forth sufficient facts regarding the appearance of Kremerman's distillation heads and non-functionality. Of course, the Court does not decide whether Kremerman's trade dress claim will prevail because functionality is an intensely factual issue. Rather, the Court simply DENIES Defendants' motion to dismiss based on Defendants' argument that Kremerman has failed to plead how his designs are non-functional.

### 2. *Distinctiveness*

Defendants also argue that Kremerman has failed to allege anything as to the distinctiveness of the products. Kremerman alleged that his trade dress has acquired distinctiveness and enjoys secondary meaning among customers based on "extensive and consistent advertising promotion and sales throughout the United States." Dkt. 1, ¶ 29. This is sufficient to satisfy this element of the trademark claim for purposes of surviving Defendants' motion to dismiss. *See, e.g., Glassybaby, LLC v. Provide Gifts, Inc.*, No. C11-380 MJP, 2011 U.S. Dist. LEXIS 60306, at *5-6 (W.D. Wash. June 6, 2011) (evaluating similar allegations and concluding they satisfied this element) (quoting *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 991 (9th Cir. 2006) ("Whether a claimed mark has obtained a secondary meaning is a question of fact to be determined by a jury.")).

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS - 9

Accordingly, the Court DENIES dismissal on this ground.

### 3. *Willfulness*

Defendants also argue that Kremerman has failed to articulate any facts demonstrating willfulness. Dkt. 40, p. 14. Kremerman correctly notes that willfulness is not an element of a trade dress claim. However, Kremerman seeks enhanced damages on his allegations that "defendants' actions have been willful." Dkt. 1, p. 8. Kremerman alleges that Defendants intentionally copied his trade dress and did so with knowledge that the copying constituted trade dress infringement because they received notice of his pending patents and used pictures taken from Kremerman's website to advertise their infringing products. Dkt. 1, ¶¶ 18, 21, 22, and Exhibits C and D. This is sufficient at this stage of the litigation to allege that Defendants' actions were willful and intentional. Therefore, the Court DENIES dismissal on this ground.

In conclusion, Kremerman has sufficiently alleged his trade dress infringement claim with adequate detail to survive a motion to dismiss under Rule 12(b)(6). The Court therefore DENIES the motion to dismiss the trade dress infringement claim.

**D.  Unfair Business Practices, California Business and Professions Code § 17200 ("UCL")**

Defendants move to dismiss Kremerman's UCL claim because it is premised on the same acts supporting his trade dress infringement claim. As pled, Kremerman's unfair business practices under the UCL relies on two alleged unfair acts: (1) trade dress infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and (2) trademark and trade dress infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114. Dkt. 1, ¶¶ 44, 45, and 46. Kremerman has withdrawn his claim under § 32 and as discussed above the Court finds the trade dress claim under § 43(a) of the Lanham Act is adequately pled.

1   For similar reasons, the Court finds that Kremerman has also adequately pled his UCL claim and therefore, DENIES Defendants' motion to dismiss this claim.

**E.     Unjust Enrichment**

To plead a claim for unjust enrichment under California law, a plaintiff must allege receipt of a benefit and unjust retention of the benefit at the expense of another. *Lectrodryer v. SeoulBank*, 77 Cal.App. 4th 723, 726, 91 Cal. Rptr. 2d 881 (2000). Restitution may be awarded under unjust enrichment either (1) in lieu of breach of contract damages where parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason, or (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct, but the plaintiff has chosen not to sue in tort, seeking restitution on a quasi-contract theory instead. *Durrell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370, 108 Cal. Rptr. 3d 682, 699 (2010). Kremerman's claim for unjust enrichment relies on "every allegation set forth" in the complaint. Kremerman alleges no additional facts to support this claim. Kremerman also acknowledges that his claim of unjust enrichment is tied to, and is subsumed by, his other claims for relief. Dkt 38, pp. 5, 14. Defendants argue that this claim is preempted by, and cannot survive separately from, Kremerman's claim for design infringement. Dkt. 40, pp. 15-16.

To the extent Kremerman seeks "patent-like" protection or "patent-like remedies," his claim of unjust enrichment is preempted by federal patent laws. *Biotechnology Indus. Org. v. District of Columbia*, 496 F.3d 1362, 1372 (Fed. Cir. 2007) (The "essential criteria" to determine whether a state law is preempted by patent law are "the objectives of the federal patent laws.") Federal patent law "preempts state law that offers 'patent-like protection' to discoveries unprotected under federal patent law." *Ultra–Precision Mfg. v. Ford Motor Co.*, 411 F.3d 1369,

1377–78 (Fed. Cir. 2005) (quoting *Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 156 (1989)). *See also*, *Milo & Gabby, LLC v. Amazon.com*, 12 F.Supp.3d 1341, 1347-48 (W.D. Wash. April 11, 2014) (unfair competition and unjust enrichment claims under Washington's consumer protection laws may be dismissed "when the state claim incorporates and merely restates federal patent and copyright claims.")

Additionally, it is not at all clear whether a stand-alone claim of unjust enrichment exists under California law. *Compare*, *e.g.*, *Nordberg v. Trilegiant Corp.*, 445 F.Supp.2d 1082, 1099–1100 (N.D.Cal.2006) (rejecting motion to dismiss unjust enrichment claim because "for the most part, courts finding that California does not allow an 'unjust enrichment' cause of action have made essentially semantic arguments"), and *Hirsch v. Bank of America*, 107 Cal.App.4th 708, 722, 132 Cal.Rptr.2d 220 (2003) (reversing lower court's dismissal of plaintiff's unjust enrichment claim upon finding that appellants stated a valid cause of action for unjust enrichment), *with Hovsepian v. Apple, Inc.*, No. 08–5788 JF (PVT), 2009 WL 5069144 at *5 (N.D.Cal. Dec.17, 2009), and *Jogani v. Superior Court*, 165 Cal.App.4th 901, 911, 81 Cal.Rptr.3d 503 (2008) (explaining that unjust enrichment is "not a cause of action" but rather "a principle underlying various doctrines and remedies, including quasi-contract").

Kremerman acknowledges, and this Court agrees, that his claim of unjust enrichment is subsumed by his remaining claims for relief. Thus, the Court GRANTS dismissal of this claim.

**F.     Request for Judicial Notice**

Defendants ask the Court to take notice of an excerpt from a 2010 organic chemistry textbook. The Court does not find it necessary to take notice of the excerpt to decide the pending motion. The Court finds the request moot and renders its decision on the pleadings alone.

**CONCLUSION**

The Court **GRANTS defendant's motion, Dkt. 34, in part** (Kremerman's claims of induced infringement and unjust enrichment) **and DENIES the motion in part** (Kremerman's claims of trade dress infringement under § 43(a) of the Lanham Act and unfair business practices under California state law based on trade dress infringement). Accordingly, the induced infringement and unjust enriched claims are **DISMISSED**. Additionally Kremerman stipulates to dismissal of the contributory infringement claim and his trade dress infringement claim, which is based on § 32 of the Lanham Act, and these claims are also **DISMISSED**.

Because the case was originally filed in the Northern District of California, and removed to this district, the Court directs the parties to brief whether the claim brought under the **Unfair Business Practices, California Business and Professions Code** may be brought in this District, and if not whether leave to amend the complaint should be granted. Plaintiff shall file a brief no later than **September 20, 2017**. Defendant shall file a response brief no later than **September 29, 2017**. After the Court has addressed the issue, the Court will set a date by which defendants must file an answer to the remaining claims of the Complaint.

DATED this 8th day of September, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS - 13