UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLIOT KREMERMAN,

      Plaintiff,

v.

OPEN SOURCE STEEL, LLC, et al.,

      Defendants.

CASE NO. 2:17-cv-953 BAT

**ORDER DIRECTING FILING OF ANSWER AND UDATED JOINT STATUS REPORT**

Before the Court may set a pretrial schedule and set a date for jury trial, Defendants shall file their Answer to the Complaint and the parties shall supplement the Joint Case Management Statement (Dkt. 67), which was partially completed pending consideration of Defendants' motion to dismiss.

## KREMERMAN'S CLAIMS

Following the Court's ruling on Defendants' motion to dismiss (Dkt. 76), claims remaining for adjudication are: (1) direct infringement of U.S. Design Patent Nos. D775,310 and D776, 238 ("the '310 and '238 patents," respectively) (collectively "the Patents") under 35 U.S.C. § 271(a); (2) contributory infringement of the Patents under 35 U.S.C. § 271(c); (3) trade dress infringement under § 43(a) of the Lanham Act; and (4) unfair business practices under California Business & Professional Code § 17200(a) ("Unfair Competition Law" hereafter, the "UCL").

ORDER DIRECTING FILING OF ANSWER
AND UDATED JOINT STATUS REPORT - 1

On September 8, 2017, the Court asked the parties to brief "whether the [UCL] claim may be brought in this District, and if not whether leave to amend the complaint should be granted." Dkt. 76 at 13. The briefing was requested in light of the fact that this case was originally filed in the Northern District of California but transferred to this Court pursuant to the Supreme Court's recent decision governing venue in patent infringement actions, *TC Heartland LLC v. Kraft Foods Group Brands LLC,* 581 U.S. ___ (2017).

The parties do not dispute that the UCL Claim may be brought in this District pursuant to 28 U.SC. § 1367(a), but disagree on whether the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S. § 1367(c)(4) ("in exceptional circumstances, there are other compelling reasons for declining jurisdiction"). Defendants argue that a compelling reason for declining jurisdiction exists because the UCL claim is preempted. However, the Court previously denied Defendants' motion to dismiss the UCL claim, finding that it was adequately pled. In addition to relying on violation of § 43(a) of the Lanham Act to satisfy the unlawful prong of his UCL claim, Kremerman alleges fraudulent business acts or practices such as misappropriation of a copy of the product, reverse engineering and production of closely replicated products with inferior quality, and advertisement of the inferior product using Kremerman's images.[1]

Because no exceptional circumstances for declining jurisdiction of the UCL Claim have been identified, the Court will retain jurisdiction of the pendent claim.

Accordingly, now that the case is at issue, it is hereby **ORDERED:**

---

[1] Defendants also contend that the UCL claim should be dismissed because the Court cannot grant extraterritorial injunctive relief or nonrestitutionary disgorgement of profits. Dkt. 78 at 2, 4. As these arguments do not establish that a declination of supplemental jurisdiction is appropriate, they will not be considered at this time.

ORDER DIRECTING FILING OF ANSWER
AND UDATED JOINT STATUS REPORT - 2

1     (1)    Defendants shall file their Answer to the Complaint **by October 27, 2017**.

2     (2)    The parties shall update their Joint Status Report (Dkt. 67) **by November 7, 2017**. Specifically, the parties shall provide the Court with proposed deadlines for joinder of parties, amendment of pleadings, discovery, dispositive motions, settlement conference, exchange of expert witness reports, and trial. **In addition**, the parties shall explain their positions as to application of the Court's local patent rules and/or claim construction procedures. *See* Dkt. 67, ¶ 16.

DATED this 17th day of October, 2017.

BRIAN A. TSUCHIDA  
United States Magistrate Judge

ORDER DIRECTING FILING OF ANSWER  
AND UDATED JOINT STATUS REPORT - 3