UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLIOT KREMERMAN,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>OPEN SOURCE STEEL, LLC, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. C17-953-BAT<br><br>**ORDER GRANTING LEAVE TO FILE FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Pursuant to Fed. R. Civ. P. 15, Defendants Open Source Steel, LLC, Joshua Dellay, and James Dellay (collectively "Defendants") request leave to file a First Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint. Dkt. 87 (Exhibit A). Defendants seek to add an inequitable conduct affirmative defense and counterclaim as to each of the patents at issue.[1] Plaintiff Elliott Kremerman opposes the motion as untimely and prejudicial. Dkt. 89. The Court grants Defendants' motion.

## BACKGROUND

On January 20, 2017, Plaintiff filed this action in the Northern District of California, alleging design patent infringement, trade dress infringement, unfair competition, and unjust

---

[1] *See* Fourth and Sixth Affirmative Defenses at Dkt. 87-1 at 6-7, respectively; and addition to counterclaim, the claim of "unenforceable patents due to inequitable conduct, violation of the Washington Unfair Business Act, RCW Section 19.86.010, violation of the Lanham Act, 15 U.S.C. §§ 1125(a), and false patent marking under 35 U.S.C. § 242" at Dkt. 87-1 at 8-22.

ORDER GRANTING LEAVE TO FILE FIRST
AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 1

enrichment regarding two design patents for glass distillations heads – D775,310 and D776, 238 ("the '310 and '238 patents," respectively) (collectively "the Patents"). On June 9, 2017, the Northern District of California granted the parties' stipulation to transfer the case to this Court pursuant to the U.S. Supreme Court's ruling in *TC Heartland LLC v. Kraft Foods Brands LLC*, 581 U.S.___ (2017). Dkts. 45-46. Following this Court's ruling on Defendants' motion to dismiss, claims remaining for adjudication are: (1) direct infringement of the Patents under 35 U.S.C. § 271(a); (2) contributory infringement of the Patents under 35 U.S.C. § 271(c); (3) trade dress infringement under § 43(a) of the Lanham Act; and (4) unfair business practices under California Business & Professional Code § 17200(a) ("Unfair Competition Law" hereafter, the "UCL"). Dkt. 76.

Prior to the transfer, the parties engaged in written discovery. Dkt. 88, Declaration of Rick Chang, ¶ 5. Defendants made their first production on June 8, 2017. *Id.*, ¶ 6. Plaintiff, over Defendants' objections, withheld production until the case was fully transferred and a new protective order was in place. *Id.*, ¶ 7. Plaintiff made his first production on September 11, 2017. *Id.*, ¶ 8. The parties met and conferred on November 11, 2017 to discuss Defendants' concerns regarding Plaintiff's production, the parties' exchanged terms to conform to this District's rules on ESI email production, and Defendants supplemented their production on January 10, 2018 and January 22, 2018. *Id.*, ¶¶ 9-11. Plaintiff supplemented his production on February 1, 2018 and February 14, 2018. *Id.* Defendants state that information learned from these productions provides the basis for their proposed amendment. Dkt. 87 at 4.

Pursuant to the November 13, 2017 Order Setting Trial Date and Pretrial Schedule, amended pleadings are due by March 9, 2018; close of fact discovery is May 7, 2018, close of

ORDER GRANTING LEAVE TO FILE FIRST
AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 2

expert discovery is June 29, 2018, and trial is set for November 13, 2018. Dkt. 84. Defendants filed their motion for leave to amend on March 9, 2018. Dkt. 87.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave when justice so required." Courts generally apply this policy with "extreme liberty." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Court looks to five factors in determining whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether party has previously amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1987). While every factor is important, "the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Absent undue prejudice, "a trial judge should ordinarily permit a party to amend its complaint." *Id*. Plaintiff raises only undue delay and prejudice in opposing the proposed amendment.

Plaintiff argues that Defendants' motion is untimely because it was filed on the deadline for the amendment of pleadings. Plaintiff also contends that Defendants have had the information needed to amend their pleadings for over a month. Dkt. 89 at 4. The deadline in the Court's Order states simply "deadline for amendment of pleadings." Dkt. 84. The deadline does not require the parties to factor in additional time for the filing of a motion. Defendants filed their motion for leave to amend by the stated deadline and therefore, it is not untimely.

Plaintiff also opposes amendment based on Defendants' failure to allow them to see the actual proposed amendment before it was filed. Plaintiff characterizes Defendants' actions as an "ambush" and "rank gamesmanship." Dkt. 89 at 4. According to counsel for Defendants, counsel discussed Defendants' plans to file a motion for leave to amend by telephone on March 9, 2018,

but counsel for Plaintiff indicated he would not be able to consent to the motion. Dkt. 88, Declaration of Rich Chang. In addition, a copy of the Defendants' proposed amended answer and counterclaims is attached as Exhibit A to their motion. Thus, Plaintiff has sufficient notice that Defendants are asserting inequitable conduct as to both patents.

Finally, Plaintiff opposes the amendment because of "the consequence of having new affirmative defenses and counterclaims asserted against him with only six weeks remaining in the discovery period." Dkt. 89. Plaintiff submits that amendment should "be conditioned upon a continuance of the trial date by 60 to 90 days, with all pre-trial deadlines extended accordingly." Dkt. 89 at 5.

Fact discovery does not end until May 7, 2018 (Dkt. 84) and according to Defendants' counsel, no depositions have been taken by either side. Additionally, Plaintiff provides no good cause for extending all pre-trial deadlines and the trial. If the parties, in good faith, find the need for additional time to complete discovery, the Court will entertain an appropriate motion if the need arises.

Accordingly, it is **ORDERED:**

1) Defendants' Motion for Leave to File First Amended Answer, Affirmative Defenses and Counterclaims to Plaintiff's Complaint (Dkt. 87) is **GRANTED.**

2) The Clerk shall send copies of this Order to counsel for the parties.

DATED this 26th day of March, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge