UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLIOT KREMERMAN,

                Plaintiff,

v.

OPEN SOURCE STEEL, LLC, et al.,

                Defendants.

CASE NO. 2:17-cv-00953-BAT

**ORDER GRANTING STIPULATION OF DISMISSAL WITH PREJUDICE AND DISMISSING PLAINTIFF'S UNFAIR BUSINESS PRACTICES CLAIM WITHOUT PREJUDICE**

Before the Court is the joint stipulation of Plaintiff Elliot Kremerman ("Kremerman") and Defendants Open Source Steel, Joshua Dellay and James Dellay ("Defendants") regarding Plaintiff's Unopposed Motion to Voluntarily Dismiss Plaintiff's Claims (Dkt. 98). Dkt. 101. The Court grants the parties' stipulation to dismiss Kremerman's claims for Patent Infringement under 35 U.S.C. § 271(a) and Trade Dress Infringement under the Lanham Act § 43(a), 15 U.S.C. § 1125(a), with prejudice. Kremerman's claim for Unfair Business Practices under Cal. Bus. & Prof. Code § 17200, *et seq*. shall be dismissed without prejudice.

## DISCUSSION

After Kremerman filed his motion to voluntarily dismiss his affirmative claims without prejudice on May 4, 2018 (Dkt. 98), Kremerman submitted a terminal disclaimer to the United States Patent and Trademark Office ("USPTO") disclaiming the remaining term of the Asserted

ORDER - 1

Patents as of May 18, 2018. Plaintiff's disclaimer renders the pending patent and trade dress claims moot, and eliminates any likelihood of future issues regarding those patents and corresponding trade dress. In view of this, Kremerman modified the request for relief in his motion. Kremerman will voluntarily dismiss his claims for Patent Infringement under 35 U.S.C. § 271(a) and Trade Dress Infringement under the Lanham Act § 43(a), 15 U.S.C. § 1125(a), with prejudice. Defendants agree to and stipulate to this modification. Dkt. 101. Accordingly, the Court will grant this stipulation.

The parties disagree, however, as to how Kremerman's claim for Unfair Business Practices under Cal. Bus. & Prof. Code § 17200, *et seq*. should be dismissed. Kremerman requests that dismissal of the Unfair Business Practices claim be without prejudice and contends that Defendants have failed to show that they will suffer some plain legal prejudice as a result of the dismissal. Defendants contend that because the Unfair Business Practices claim is based on the same act of trade dress infringement, it should also be dismissed with prejudice. However, when Defendants initially responded to Kremerman's unopposed motion (Dkt. 98), Defendants recognized that Ninth Circuit precedent generally favors granting a request to voluntarily dismiss without prejudice absent a showing of legal prejudice, and asked that any dismissal be subject to the condition that should Kremerman (or a related entity) refile an action against Defendants under the same or substantially similar facts or law, Kremerman would be ordered to bear Defendant's fees and costs. Dkt. 100 at 2 and 7.

A determination of whether a party will suffer "legal prejudice" focuses on the rights and defenses available to a defendant in future litigation, *i.e.*, prejudice to some legal interest, some legal claim, or some legal argument such as a loss of a federal forum, the right to a jury trial or a statute-of limitations defense. *See Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996)

(and cases cited therein). Expense incurred in defending against a lawsuit also does not amount to legal prejudice. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982). Neither does uncertainty because a dispute remains unresolved. *Westlands*, 100 F.3d at 97.

Defendants will not lose any claim or argument by virtue of the voluntary dismissal of this claim without prejudice. As Defendants have not shown that they will suffer plain legal prejudice, dismissal without prejudice of the Unfair Business Practices claim is appropriate.

Accordingly, it is **ORDERED:**

1) The parties' joint stipulation (Dkt. 101) regarding Plaintiff's voluntary motion to dismiss (Dkt. 98) is **GRANTED**; Plaintiff's claims for Patent Infringement under 35 U.S.C. § 271(a) and Trade Dress Infringement under the Lanham Act § 43(a), 15 U.S.C. § 1125(a) are **dismissed with prejudice**.

2) Plaintiff's claim for Unfair Business Practices under Cal. Bus. & Prof. Code § 17200, et seq. is dismissed **without prejudice**.

3) The Clerk shall send copies of this Order to counsel for the parties.

DATED this 31st day of May, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge