# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ELLIOT KREMERMAN,

    Plaintiff,

v.

OPEN SOURCE STEEL, LLC, et al.,

    Defendants.

CASE NO. C17-953-BAT

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff Elliot Kremerman seeks leave to amend his complaint to assert a claim for violation of RCW § 19.86.020, Washington's Consumer Protection Act ("CPA"). Dkt. 121. Defendants Open Source Steel, LLC ("OSS"), Joshua Dellay, and James Dellay (collectively "Defendants") oppose the motion. Dkt. 124. The Court denies Plaintiff's motion.

## BACKGROUND

On January 20, 2017, Plaintiff filed his original complaint in the Northern District of California, alleging (1) direct infringement of U.S. Design Patent Nos. D775,310 and D776,238 ("the Patents") under 35 U.S.C. § 271(a); (2) induced infringement of the Patents under 35 U.S.C. § 271(b); (3) contributory infringement of the Patents under 35 U.S.C. § 271(c); (4) trade dress infringement under § 43(a) of the Lanham Act; (5) unfair business practices under California Business & Professional Code § 17200(a) ("UCL"); and (6) unjust enrichment. Dkt. 1.

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED
COMPLAINT - 1

On June 9, 2017, the Northern District of California granted the parties' stipulation to transfer the case to this Court pursuant to the U.S. Supreme Court's ruling in *TC Heartland LLC v. Kraft Foods Brands LLC*, 137 S.Ct. 1514, (2017). Dkts. 45-46. On September 8, 2017, this Court dismissed Plaintiff's induced infringement, contributory infringement, and unjust enrichment claims. Dkt. 76. The Court noted in its Order that the case was originally filed in the Northern District of California, and removed to this district, and directed the parties to brief whether the claim brought under the Unfair Business Practices, California Business and Professions Code may be brought in this District, and if not whether leave to amend the complaint should be granted. *Id.* at 13. In response, plaintiff "urg[ed] the Court to find his claims under California's UCL may be brought in this district," and alternatively to permit amendment. Dkt. 77 at 4. Defendant disagreed with plaintiff contending the Court should decline to adjudicate the California UCL claim and deny amendment on futility grounds. Dkt. 78, at 6. In reply, Plaintiff urged the Court to consider the California claim or in the alternative, permit amendment to add a claim under Washington's CPA. Dkt. 80. On October 17, 2018, the Court issued an order that it would retain jurisdiction over the California UCL claim. Dkt. 81. On October 27, 2017, Defendants filed an Answer to the Complaint. Dkt. 82.

On November 13, 2017, the Court issued an Order setting a trial date and various pretrial deadlines including, among others, deadlines of March 9, 2018 for amendment of pleadings and May 7, 2018, for completion of fact discovery. Dkt. 84 ("Scheduling Order").

On March 9, 2018, Defendants sought leave to file a First Amended Answer, Affirmative Defenses, and Counterclaims to assert counterclaims of violations of the UCL and Lanham Act

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED
COMPLAINT - 2

1 (15 U.S.C. §§ 1125(a)), and for false patent marking (35 U.S.C. § 292). Dkt. 87. The motion was granted (Dkt. 91) and the First Amended Answer was filed on March 27, 2018. Dkt. 93.

In April 23, 2018, after Plaintiff filed a Rule 12(b)(6) motion to dismiss (Dkt. 95), Defendants filed a Second Amended Answer, Affirmative Defenses, and Counterclaims, to add further detail to their counterclaims, thereby mooting Plaintiff's motion to dismiss. Dkt. 97.

On May 24, 2018, Plaintiff filed a motion to voluntarily dismiss his affirmative claims. Dkt. 98. The parties agreed Plaintiff's patent and trade dress infringement claims should be dismissed with prejudice as Plaintiff had simultaneously submitted a terminal disclaimer to the United States Patent and Trademark Office disclaiming the remaining term of the Patents as of May 18, 2018, which rendered his pending patent and trade dress claims moot, and eliminated any likelihood of future issues regarding the Patents and corresponding trade dress. Dkts. 98, 100-102. As to Plaintiff's UCL claim, Defendants requested dismissal with prejudice. The Court denied the request as Defendants had not shown legal prejudice, and the Court dismissed the UCL claim without prejudice. Dkt. 103 at 2.

On June 6, 2018, three months after expiration of the deadline for the amendment of pleadings, the parties filed a stipulated motion to amend the Court's Scheduling Order. Dkt. 102. The Court issued an Order Amending Trial Date and Pretrial Scheduling which extended, among other deadlines, the deadline for the close of expert discovery (until August 31, 2018) and the filing of dispositive motions (until September 17, 2018). Dkt. 104.

On September 7, 2018, six months after expiration of the deadline for the amendment of pleadings, Plaintiff filed this motion to amend to assert an unfair business practices claim – but this time, instead of unfair business practices under California law as he asserted in his original

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED
COMPLAINT - 3

complaint, he asserts them under Washington law. Dkt. 107.[1] In his motion to amend, Plaintiff contends his "claim is premised on information learned and confirmed at the August 28, 2018, deposition of Defendants Joshua ("Josh") Dellay and Open Source Steel, LLC ("OSS"), as well *as facts and information that are already part of the case by virtue of [his] affirmative defenses to OSS' claims.*" Dkt. 121 at 5 (emphasis added). Plaintiff's proposed amended complaint alleges Defendants violated the Washington CPA by marketing lower-quality, Chinese-manufactured knockoffs of Plaintiff's products as "American made" and that they are using Plaintiff's brand and images of Plaintiff's high-quality, American-made glassware to advertise their knockoff products, thereby misleading consumers into believing they are obtaining products that are identical to Plaintiff's products. Dkt. 121-1.

On September 17, 2018, both Plaintiff and Defendants filed motions for summary judgment on Defendants' counterclaims. Dkts. 113 and 115. Both motions are noted for the Court's consideration on October 12, 2018. *Id.*

At this time, all pleading amendment, fact and expert discovery, and dispositive motions deadlines have passed. All of Plaintiff's claims have been dismissed and Defendants' counterclaims are the subject of the pending summary judgment motions.

## DISCUSSION

"The general rule is that amendment of pleadings is to be permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on

---

[1] The motion was withdrawn and replaced with the instant motion on September 20, 2018, so that confidential information could be redacted and filed under seal pursuant to the parties' agreement and confidentiality designations. The noting date was not changed. Dkt. 121.

the part of the moving party." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Leadsinger, Inc. v. BMG Music Publ.*, 512 F.3d 522, 532 (9th Cir. 2008). Generally, a motion for leave to amend a complaint would be governed by Rule 15(a), which liberally allows amendments to pleadings. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend pleadings] when justice so requires.").

However, once the court enters a pretrial scheduling order that sets a deadline to amend pleadings and a party moves to amend a pleading after the deadline, the court evaluates the motion to amend under Rule 16 and its more stringent "good cause" standard. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). A court considering a party's request for leave to amend the pleadings after the scheduling order deadline has passed must engage in a two-step analysis: the court first asks whether the party has satisfied Rule 16's more stringent "good cause" requirement, and if good cause is shown, the court then considers whether amendment would be proper under Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 609.

The "undue delay" factor in the amendment analysis refers to whether the party filing the motion for leave to amend "unduly delayed in filing their motion." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citation omitted). The relevant inquiry is whether "the

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED
COMPLAINT - 5

moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d at 952 (citations omitted). "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

Plaintiff contends that his proposed new CPA claim concerns much of the same conduct originally alleged in this litigation that already serves as the basis for his pending affirmative defenses. But he defends his late motion to amend by contending it was not until the August 28, 2018, deposition that he was able to confirm that Defendants had lined up a Chinese supplier to manufacture low-quality reproductions using his proprietary designs, had ordered reproductions from their Chinese supplier or had deceptively marketed those cheaply made, imported products as "American made" using images of Plaintiff's own products, and had misused another competitor's website to cause confusion in the market. Dkt. 121 at 8.

Defendant contends these facts were known to Plaintiff well before the deadline to amend and in fact, Plaintiff knew even before he filed his Complaint that Defendants used a Chinese supplier for its glassware. Dkt. 125, Declaration of Rick Chang, Exhs. 2, 3, 4, 5; Dkt. 122, Declaration of Stephen E. Morrissey, Exh. 2. Other evidence shows Plaintiff knew or should have known well before the August 2018 deposition of the facts and theory upon which he bases his proposed amendment, for example:

(1) April 22, 2016 cease and desist letter sent by Plaintiff's counsel accusing OSS of copyright infringement for stealing and using images of his products, then using the pictures to counterfeit his products. Dkt. 125, Chang Decl., Exh. 3.

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED
COMPLAINT - 6

(2) Plaintiff's postings on Facebook that OSS was counterfeiting his products and sourcing them from China –

- "and the china pony you rode in" (April 13, 2016), *id.*, Exh. 2;

- Accusing OSS of using a Chinese manufacturer (August 23, 2016), *id.*, Exh. 4;

- Telling vendor OSS stole images of website and sent to China for use in making counterfeit products (August 21, 2016), *id.*, Exh. 5;

(3) Invoices from the Chinese manufacturer (showing when the Chinese manufacturers had the images in question) were produced to Plaintiff on September 19, 2017 (Dkt. 125, Chang Decl. ¶ 14).[2]

(4) In its January 29, 2018 response to Plaintiff's Interrogatory No. 1, Defendants stated: "Open Source Steel ordered several of these unit from UGT" and "Open Source Steel subsequently outsourced the manufacturer of its distillation heads to [Chinese manufacturer] (OSS00395-96)." Dkt. 125, Chang Decl. ¶ 15;

(5) Plaintiff's claim that Defendants misused the URL XtractorDepot.net (which is not at issue in this lawsuit), was known to him prior to the filing of this case as he posted the corresponding document on his Facebook account on March 22, 2016. Dkt. 125, Chang Decl., Exh. 1.

Plaintiff also argues that he was not able to confirm until the August 2018 deposition that Defendants were intentionally deceiving the public by "advertising" that its glassware was "American-made" when in fact it was imported from China. However, based on attachments to Plaintiff's April 22, 2016, cease and desist letter, Plaintiff purportedly had evidence of "customer confusion" and "admittance of copying" with emails referring to "reverse engineering" and "USA made heads". *See* Dkt. 125, Chang Decl., Exh. 3. In addition, the OSS advertisement

---

[2] As the invoices are from the same time as the Skype communication between Defendant James Dellay and the Chinese manufacturer, Plaintiff's contention that he did not learn of the Skype communication until the August 2018 deposition is immaterial to when he knew Defendants sourced some of their products from China.

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED
COMPLAINT - 7

(containing the words "made in USA") on which Plaintiff bases his theory, at least in part, that Defendants used deceptive advertising, was in Plaintiff's possession and produced in this litigation by Plaintiff. *Id.*, Exh. 6 (EK 00190).

Based on the foregoing, Plaintiff cannot in good faith deny that he was aware even before he filed suit that Defendants sourced glassware from China. Plaintiff also cannot in good faith deny that he was aware before the deadline for the amendment of pleadings, of facts supporting his allegations that Defendants engaged in unfair and deceptive trade practices. Because nothing stopped Plaintiff from making these allegations in his Complaint or amending the Complaint to add such allegations within the prescribed time, he cannot now seek relief from the Court to reverse that decision, regardless of motive. *See AmerisourceBergen Corp.*, 465 F.3d at 953 (undue delay precludes amendment when moving party knew or should have known the facts and theories presented in amendment); *Acri*, 781 F.2d at 1398 ("late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action").

Plaintiff also contends that part of his delay in seeking amendment was caused by the parties' agreement to postpone the depositions of the principal parties while they engaged in settlement discussions. The parties dispute who sought to postpone the depositions and who engaged in bad faith during settlement negotiations. Dkt. 124 at 12-13; Dkt. 126 at 4. However, by May 21, 2018, it was clear no settlement would be reached and there is some indication that at that time, Plaintiff's counsel was already contemplating an unfair competition counterclaim or amended claim based on copying. Dkt. 125, Chang Decl. at ¶ 13. Plaintiff failed to file a motion to amend or a motion to extend the deadline at that time.

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED
COMPLAINT - 8

1    Because the Court finds Plaintiff has not shown good cause to amend his complaint after

2    the Court ordered deadline, the Court need not consider whether the amendment would be proper

3    under Rule 15. *See Johnson*, 975 F.2d at 609. Because Plaintiff failed to show diligence, "the

4    inquiry should end." *Id*. The Court notes however, that Plaintiff is also unable to satisfy Rule

5    15's requirements, which provides additional reasons for denying the motion to amend.

6         In light of the dismissals entered by the Court on Defendants' motion and Plaintiff's

7    voluntary motion to dismiss, all of Plaintiff's affirmative claims have been dismissed. Thus,

8    allowing Plaintiff to advance a new cause of action now, with dispositive motions pending on the

9    remaining counterclaims, would be manifestly unfair and unduly prejudicial. Fact discovery

10   closed on May 7, 2018 (with the exception of the parties' agreement to delay depositions) (Dkt.

11   84), expert discovery closed on June 29, 2018, and the deadline for filing dispositive motions

12   expired on September 17, 2018. Dkt. 104. Plaintiff now seeks to raise a new legal theory, based

13   on unfair competition under Washington law, which is similar but different from the

14   corresponding California statute he advanced in his original complaint and then voluntarily

15   dismissed. If Plaintiff is granted leave to add the CPA claim, Defendants state they will likely

16   move to dismiss under Rule 12(b)(6) and should the claim survive, the Court will likely have to

17   re-open discovery, delaying the entire case schedule moving forward. Although Plaintiff claims

18   no additional discovery will be required, he is required to establish a specific harm for violation

19   of the CPA and correspondingly, Defendants must be given an opportunity to discover the legal

20   and factual merits of his claim, to assess the need for additional experts, and to prepare their

21   defense, all of which will cause additional cost and delay, and all of which would be "manifestly

22   unfair and unduly prejudicial." *See Jackson*, 902 F.2d at 1387-88 ("Putting the defendant

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED
COMPLAINT - 9

'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery would be manifestly unfair and unduly prejudicial'") (quoting *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) (quoting *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973)).

Plaintiff has failed to demonstrate good cause for his belated motion to amend. Materials in his possession and provided to him in discovery indicate Plaintiff knew or should have known the facts and theory upon which he bases his proposed amendment before the amendment deadline. Accordingly, it is **ORDERED** that Plaintiff's motion for leave to amend (Dkt. 121) is **DENIED**. The Clerk shall send copies of this Order to counsel for the parties.

DATED this 1st day of October, 2018.

BRIAN A. TSUCHIDA  
Chief United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION  
FOR LEAVE TO FILE AN AMENDED  
COMPLAINT - 10